IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 3:25-CV- |
| THE REAL PROPERTY KNOWN AS 946 TRAIL ROAD, HERINGTON, KANSAS 67449. *Defendant in Rem.* | |

## UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against the ("Defendant Property") as described in Section II, and in support states:

### I.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction of this cause of action *in rem* by virtue of the provisions 28 U.S.C. §§ 1345 and 1355(a). Venue is proper under 28 U.S.C. § 1355(b)(1) and U.S.C. § 1395(b).

2.    Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

3.      The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(C). Also applicable
are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. §§ 983 and 985, and Supplemental Rule G,
Federal Rules Civil Procedure Supplemental Rules for Admiralty and Maritime Claims
and Asset Forfeiture Actions.

4.      Pursuant to the provisions of 18 U.S.C. § 985(a), actions against real property
are to be brought in the United States District Court.

## II.    DEFENDANT PROPERTY

5.      The Defendant Property, which is the following real property that has not
been seized, is the following:

The Northwest Quarter of the Southeast Quarter (NW/4SE/4), Section Twenty-two (22),
Township Fifteen (15) South, Range Four (4) East of the Sixth P.M., Dickinson County,
Kansas;

The North Half of the Southwest Quarter (N/2SW/4), Section Twenty-two (22), Township
Fifteen (15) South, Range Four (4) East of the Sixth P.M., Dickinson County, Kansas;

The South Half of the Northwest Quarter (S/2NW/4), Section Twenty-two (22), Township
Fifteen (15) South, Range Four (4) East of the Sixth P.M., Dickinson County. Kansas,
except the following tract of land:

Beginning at the Northwest corner of the Southwest Quarter of the Northwest
Quarter of Section 22, Township 15 South, Range 4 East of the 6tb Principal
Meridian; thence South 18 rods; thence East 30 rods; thence North 18 rods; thence

West 30 rods to the point of beginning. Heretofore deeded to St. Paul's Lutheran

Church in Deed Book 67, page 555;

The improvements thereon being known as 946 Trail Road, Herington, Kansas.

### III.   POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

6.     The names and last known addresses of those individuals or entities

reasonably appearing to the government at this time that may be potential claimants to the

Defendant Property are:

> Jason Link
> 946 Trail Road
> Herington, KS 67449
>
>
> Farm Service Agency
> United States Department of Agriculture
> Office of the Administrator
> 1400 Independence Avenue SW
> Washington DC 20250

Notice of this complaint will be provided to the above-listed individuals and/or entities.

7.     In lieu of seizure, the United States, as provided in 18 U.S.C. § 985, will:

    a.  Post notice of this action and a copy of this Complaint on the Defendant

       Property; and

    b.  File and record notice of *lis pendens* against the Defendant Property.

## IV.    STATUTORY BASIS

8.    The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from gross proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1347.

9.    The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because the property was involved in, or traceable to property involved in money laundering, or conspiracy to do so, in violation of 18 U.S.C. § 1957.

## V.    FACTS SUPPORTING FORFEITURE

10.    The underlying facts involve a fraud scheme that is being investigated by law enforcement agencies in the Northern District of Texas. Proceeds traceable from the fraudulent scheme were transferred towards the purchase or payments towards the Defendant Property. The monetary transactions towards the purchase and/or payments to the Defendant Property constituted money laundering under 18 U.S.C. § 1957 as criminally derived property greater than $10,000 derived from specified unlawful activity, namely the cattle investment wire fraud. This tracing and transfer of proceeds, along with further explanation of the fraudulent scheme offense, is shown by the Declaration in support of the United States' Complaint for Forfeiture of Special Agent Megan Woodruff, attached and filed in support of this Complaint. *See United States v. 2121 Kirby Drive*, No. H-06-3335, 2007 WL 3378353, at *3 (S.D. Tex. Nov. 13, 2007)

(in determining sufficiency of a complaint, the court will look not only to the complaint itself, but to any affidavit or other attachment).

## VI.    REQUEST FOR RELIEF

WHEREFORE, the United States requests the following:

A.    The notice of this forfeiture action against the defendant real property be posted by the United States Marshal or his designee authorized by law on the defendant property in accordance with 18 U.S.C. § 985(c)(1)(B);

B.    Publication of notice of this forfeiture action be made by posting notice on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a)-(5).

C.    Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b)-(5).

D.    In order to avoid forfeiture of the Defendant Property, all persons having any interest in or right against the defendant property be advised by the public notice or the direct notice to timely file in this court a verified claim identifying the interest or right to the defendant property as required by Supplemental Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B).  Further, any person filing a verified claim of interest or right and/or an

answer shall serve a copy on Elyse Lyons, Assistant United States Attorney, 1100 Commerce Street, Suite 300, Dallas, Texas 75242.

     E.     Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property, and (C) be signed by the claimant under penalty of perjury. Any person who asserts an interest in the Defendant Property must filed a verified claim within 35 days after the date the notice is sent if the notice is delivered by mail, or within 35 days of the date of delivery if the notice is personally served and not sent by mail.

     F.     Any person who files a verified claim must then file an answer to the complaint or a motion under Rule 12 within 21 days after filing the verified claim.

     G.     At the conclusion of this proceeding, the defendant property be condemned by order and judgment of this court and declared and decreed to be forfeited to the United States of America in accordance with law.

     H.     All costs and expenses incurred by the United States in obtaining the forfeiture of the defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the court deems just and equitable.

     I.     The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

DATED this __th day of July, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


*/s/ Elyse Lyons*
Elyse Lyons
Assistant United States Attorney
Texas Bar No. 24092735
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Elyse.lyons@usdoj.gov

ATTORNEY FOR PLAINTIFF